**Entered on Docket**
**July 19, 2010**

_____
**Hon. Mike K. Nakagawa**
**United States Bankruptcy Judge**

WILDE & ASSOCIATES
Gregory L. Wilde, Esq.
Nevada Bar No. 004417
212 South Jones Boulevard
Las Vegas, Nevada 89107
Telephone: 702 258-8200
Fax: 702 258-8787
US Bank National Association, as Trustee for Structured Asset Securities Corporation Trust 2007-EQ1

09-77114

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

In Re:

Chad Rubinson and Soomi Kim

Debtors.

BK-S-09-34269-mkn

MS Motion No. 41
Date: 6-16-2010
Time: 1:30

Chapter 13

## ORDER RE ADEQUATE PROTECTION

Secured Creditor's Motion for Relief from the Automatic Stay having come on for hearing in the above-entitled Court, all appearances as noted on court record, and based upon all the papers and pleadings on file herein and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that the debtors will cure the post-petition arrearages currently due as follows:

| | |
|---|---|
| 5 Monthly Payments(s) at $1,077.07 | $5,385.35 |
| (March 1, 2010 - July 1, 2010) | |
| 4 Late Charge(s) at $48.45 | $193.80 |
| (March 1, 2010 - June 1, 2010) | |
| Motion for Relief Filing Fee | $150.00 |
| Attorneys Fees | $750.00 |
| Total | $6,479.15 |

The total arrearage shall be paid in six monthly installments. Payments one through five (1-5) in the amount of $1,079.86 shall be in addition to the regular monthly payment and shall be due on or before the 20th day of the month commencing with the August 1, 2010 payment and continuing throughout and concluding on or before December 20, 2010. The sixth final payment in the amount of $1,079.85 shall be paid on or before January 1, 2011.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Debtors shall resume and maintain the regular monthly payments in a timely fashion, outside of any Bankruptcy Plan, beginning with the August 1, 2010, payment, on Secured Creditor's Trust obligation, encumbering the subject Property, generally described as 2251 Wigwam Parkway Unit #1926, Henderson, NV 89074, and legally described as follows:

PARCEL I:
UNIT ONE THOUSAND NINE HUNDRED TWENTY-SIX (1926) IN BUILDING NINETEEN (19) OF LEGACY CONDOMINIUMS UNIT 2, A CONDOMINIUM SUBDIVISION FILED PURSUANT TO THE PROVISIONS OF N.R.S. 117.020 RECORDED IN BOOK 51 OF PLATS, PAGE 66, IN THE OFFICIAL RECORDS OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA. AND AS DEFINED IN THAT CERTAIN DECLARATION OF RESTRICTIONS (ENABLING DECLARATION ESTABLISHING A PLAN FOR CONDOMINIUM OWNERSHIP OF LEGACY CONDOMINIUMS) RECORDED AUGUST 28,1991, IN BOOK 910828 OF OFFICIAL RECORDS, CLARK COUNTY,
NEVADA, AS DOCUMENT NO. 00507.

PARCEL II:
AN UNDIVIDED 1/52ND INTEREST IN AND TO THE COMMON AREA SHOWN AS LOT A, PHASE 2A UPON THE PLAT OF LEGACY CONDOMINIUMS UNIT 2, A CONDOMINIUM SUBDIVISION FILED PURSUANT TO THE PROVISIONS OF N.R.S. 117.020 RECORDED IN BOOK 51 OF PLATS, PAGE 66, IN THE OFFICIAL RECORDS OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA. AND AS DEFINED IN THAT CERTAIN DECLARATION OF RESTRICTIONS (ENABLING DECLARATION ESTABLISHING A PLAN FOR CONDOMINIUM OWNERSHIP OF LEGACY CONDOMINIUMS) RECORDED AUGUST 28, 1991 IN BOOK 910828 OF OFFICIAL
RECORDS, CLARK COUNTY, NEVADA, AS DOCUMENT NO. 00507.

PARCEL III:
A NON-EXCLUSIVE EASEMENT FOR INGRESS AND EGRESS, PUBLIC UTILITIES AND PRIVATE STREETS SHOWN OVER LOTS A AND B OF CONDOMINIUM PROJECT, AS SHOWN UPON THE PLAT OF LEGACY CONDOMINIUMS UNIT 2, A CONDOMINIUM SUBDIVISION FILED PURSUANT TO THE PROVISIONS OF N.R.S. 117.020 RECORDED IN BOOK 51 OF PLATS, PAGE 66, IN THE OFFICIAL RECORDS OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA. AND AS DEFINED IN THAT CERTAIN DECLARATION OF RESTRICTIONS (ENABLING DECLARATION ESTABLISHING A PLAN FOR CONDOMINIUM OWNERSHIP OF LEGACY CONDOMINIUMS) RECORDED AUGUST 28,1991 IN BOOK 910828 OF OFFICIAL
RECORDS, CLARK COUNTY, NEVADA, AS DOCUMENT NO. 00507.

PARCEL IV:
AN EXCLUSIVE EASEMENT TO USE THAT PORTION OF THE COMMON AREA DESIGNATED AS EXCLUSIVE USE AREA PARKING SPACE NO. P-I926 AND GARAGE NO. G-I926, AS WELL AS ALL AREAS SHOWN AS PATIOS, BALCONIES AND CHIMNEYS, AS SHOWN UPON THE PLAT OF AMENDED MAP OF LEGACY CONDOMINIUMS PHASE 2 A CONDOMINIUM SUBDIVISION FILE PURSUANT TO THE PROVISIONS N.R.S. 117.020 RECORDED IN BOOK 51 OF PLATS, PAGE 66, IN THE OFFICIAL RECORDS OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA, AND AS DEFINED IN THAT CERTAIN DECLARATION OF RESTRICTIONS
(ENABLING DECLARATION ESTABLISHING A PLAN FOR CONDOMINIUM OWNERSHIP OF LEGACY CONDOMINIUMS) RECORDED AUGUST 28, 1991 BOOK 910828 OF OFFICIAL RECORDS, CLARK COUNTY, NEVADA, AS DOCUMENT NO. 00507.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that if the Debtors fail to make any payments as stated in this Order, or fail to maintain the regular monthly payments on Secured Creditor's Trust Deed obligation, allowing the normal grace period, then Secured Creditor may file and serve upon Debtors and Debtors' counsel, a fifteen (15) Day Notice Declaration Re Breach of Condition. For each such Declaration Re Breach of Condition filed, there shall be assessed an attorney fees of $100.00, to be paid by the Debtors upon any reinstatement. If upon the sixteenth (16th) day Debtors have failed to cure the delinquency, then Secured Creditor may submit to this Court an Order vacating the automatic stay as to Secured Creditor, and Secured Creditor may thereafter proceed with foreclosure proceedings upon the subject Property, pursuant to applicable State Law, and take any action necessary to obtain complete possession thereof.

///

///

///

///

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Secured Creditor shall give Debtors at least five business days' notice of the time, place and date of sale.

Submitted by:

WILDE & ASSOCIATES

By /s/ K. Sdloot #10235
GREGORY L. WILDE, ESQ.
Attorneys for Secured Creditor
212 South Jones Boulevard
Las Vegas, Nevada 89107

APPROVED AS TO FORM & CONTENT:

Kathleen A Leavitt

By _____

Kathleen A Leavitt
Chapter 13 Trustee
201 Las Vegas Blvd., So. #200
Las Vegas, NV 89101

Haines & Krieger

By _____

Haines & Krieger
Attorney for Debtors
1020 Garces
Las Vegas, NV 89101

Nevada Bar No. #00935 3

In accordance with Local Rule 9021, the undersigned counsel certifies as follows (check one):
\_\_\_\_    The court waived the requirements of LR 9021.
\_\_\_\_    No parties appeared or filed written objections, and there is no trustee appointed in the case.
\_\_\_\_    No parties appeared or filed written objections, and the trustee is the movant.
\_x\_    This is a chapter 7 or 13 case, and either with the motion, or at the hearing, I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any trustee appointed in this case, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

Debtor's counsel:
\_X\_    approved the form of this order            \_\_\_\_    disapproved the form of this order
\_\_\_\_    waived the right to review the order and/or    \_\_\_\_    failed to respond to the document
\_\_\_\_    appeared at the hearing, waived the right to review the order
\_\_\_\_    matter unopposed, did not appear at the hearing, waived the right to review the order

Trustee:
\_X\_    approved the form of this order            \_\_\_\_    disapproved the form of this order
\_\_\_\_    waived the right to review the order and/or    \_\_\_\_    failed to respond to the document

\_\_\_\_    This is a chapter 9, 11, or 15 case, and I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any trustee appointed in this case any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below.

Debtor's counsel:
\_\_\_\_    approved the form of this order            \_\_\_\_    disapproved the form of this order
\_\_\_\_    waived the right to review the order and/or    \_\_\_\_    failed to respond to the document
\_\_\_\_    appeared at the hearing, waived the right to review the order
\_\_\_\_    matter unopposed, did not appear at the hearing, waived the right to review the order

Trustee:
\_\_\_\_    approved the form of this order            \_\_\_\_    disapproved the form of this order
\_\_\_\_    waived the right to review the order and/or    \_\_\_\_    failed to respond to the document

\_\_\_\_    I certify that I have served a copy of this order with the motion, and no parties appeared or filed written objection.

Submitted by:
/s/ Gregory L. Wilde, Esq.
Gregory L. Wilde, Esq.
Attorney for Secured Creditor